NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3084
_____

DANA THORNTON, Individually,*
Appellant

v.

STATE OF NEW JERSEY;
ADMINISTRATIVE OFFICE OF THE COURTS;
TONYA HOPSON, in her official capacity as Chief,
Equal Employment Opportunity/Affirmative Action Officer;
JUDGE THOMAS M. COMER, in his official capacity
as a Judge for MONMOUTH COUNTY COURT;
CHRISTINE NORBUT BEYER, in her official capacity
as the Commissioner of DCF;
DEPARTMENT OF CHILDREN AND FAMILIES (DCF);
DIVISION OF CHILD PROTECTION AND PERMANENCY (DCPP);
KAITLYN MCGINN;
MARY LIPPINCOTT, in her individual capacity;
MONMOUTH COUNTY PROSECUTORS OFFICE;
MATTHEW PLATKIN, ATTORNEY GENERAL FOR THE STATE
OF NEW JERSEY, in his official capacity;
JUDGE MARK LEMIEUX, in his official capacity as the Assignment Judge
for MONMOUTH COUNTY COURT;
GINA KIRK, in her individual capacity;
JAMES M. NEWMAN, in his official capacity as a Judge
for MONMOUTH COUNTY COURT;
JUDGE ELLEN TORREGROSSO-O'CONNOR, in her official capacity
as a Judge for MONMOUTH COUNTY COURT;
FREEHOLD POLICE DEPARTMENT;
FRANK MOUNT, in his official capacity;
ALLAN WEINBERG, in his official capacity

*(Amended pursuant to Clerk Order dated February 26, 2025)

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:24-cv-02656)
District Judge: Honorable Robert Kirsch
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 21, 2025

Before: KRAUSE, PHIPPS, and ROTH, Circuit Judges

(Opinion filed: February 25, 2026)
_____

OPINION*
_____

PER CURIAM

Pro se appellant Dana Thornton appeals the District Court's order granting the

defendants' motions to dismiss. We will affirm the judgment as modified.[1]

This case arises out of a custody dispute between Thornton and her minor child's

father. The father moved for parenting time after his relationship with Thornton ended.[2]

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] Thornton's objection to the New Jersey Appellees' late appearance, construed as a
motion to strike, is denied.

[2] We accept the facts pleaded in Thornton's complaint and her supplement to the
complaint as true and view them in the light most favorable to Thornton. See Fleisher
v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012).

2

After allegedly biased and fraud-filled custody proceedings, the Monmouth County Superior Court granted the father visitation. Eventually, the Superior Court ordered the New Jersey Department of Child Protection and Permanency ("DCPP") to investigate, and the Superior Court later awarded the father custody of the child. Thornton was subsequently arrested and charged with interfering with the custody order. Meanwhile, Thornton tried to get a restraining order against the father, but she was unsuccessful because of an alleged conspiracy between the Superior Court, the father, and DCPP.

Thereafter, Thornton filed a complaint in the United States District Court for the District of New Jersey under 42 U.S.C. § 1983, seeking injunctive and monetary relief. She also raised a conspiracy claim and sought relief under the New Jersey Civil Rights Act and the Declaratory Judgment Act. She named numerous defendants, including the State, Superior Court Judges, the Monmouth County Prosecutor's Office, the State Attorney General, the Freehold Township Police Department, the Administrative Office of the Courts, the Department of Children and Families ("DCF"), DCPP, and state agency employees.[3] Thornton alleged, inter alia, that the defendants colluded against her, discriminated against her based on her race, sex, and status as a pro se litigant, and were biased against her in the Superior Court proceedings. Thornton also moved for injunctive

---

[3] She also brought a claim "on behalf of the minor child" under Title II of the Americans with Disabilities Act ("ADA") against New Jersey and the Administrative Office of the Courts.

3

relief seeking custody of her child, and she moved for dismissal of her criminal indictment.

The defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The District Court granted the defendants' motions and denied Thornton's motions. The District Court determined that, if the state court proceedings were over, it lacked subject matter jurisdiction to review the federal causes of action pursuant to the Rooker-Feldman doctrine,[4] and if the state court proceedings were ongoing, the Court would abstain from exercising jurisdiction pursuant to the Younger abstention doctrine.[5] The District Court also determined that most of the defendants were immune from suit, that Thornton failed to state a claim against the defendants who were not immune, and that amendment of the complaint would be futile and inequitable. Thus, the District Court dismissed the federal claims with prejudice and declined to exercise supplemental jurisdiction over the remaining state-law claims.

Thornton timely appealed.[6] We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over the District Court's decision. See, e.g., Blanciak v.

---

[4] See generally D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

[5] See generally Younger v. Harris, 401 U.S. 37 (1971).

[6] The Clerk issued an order advising Thornton that although she purported to bring the appeal on behalf of herself and her minor child, she could not represent the child and that, unless counsel appeared for the child, the appeal would go forward only as to Thornton. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir. 1991). No attorney

Allegheny Ludlum Corp., 77 F.3d 690, 694 (3d Cir. 1996) (sovereign immunity); Gallas v. Sup. Ct. of Pa., 211 F.3d 760, 768 (3d Cir. 2000) (judicial immunity); Connelly v. Lane Const. Corp., 809 F.3d 780, 786 n.2 (3d Cir. 2016) (failure to state a claim). "[W]e may affirm on any basis supported by the record[.]" Stringer v. Cnty. of Bucks, 141 F.4th 76, 84 (3d Cir. 2025) (citing TD Bank N.A. v. Hill, 928 F.3d 259, 270 (3d Cir. 2019)).

At the outset, we note that we will consider only those issues that Thornton has raised before this Court. See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (explaining that parties forfeit any argument that they do not raise in their opening brief); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants"). Here, Thornton's brief primarily restates the facts and allegations from her complaint and raises almost no challenges to the District Court's reasoning. The arguments she does make either lack merit or are too conclusory and insufficiently developed to bring the issue before this Court. See Simmons v. City of Philadelphia, 947 F.2d 1042, 1066 (3d Cir. 1991) (citing Federal Rule of Appellate Procedure 28, and noting that "a passing reference to an issue in a brief will not suffice to bring that issue before this court on appeal").

---

entered an appearance on behalf of the child. Accordingly, the scope of this appeal is limited to Thornton's claims brought solely on her behalf. Relatedly, we note that Thornton failed to sufficiently plead, or argue on appeal, that she, individually, was entitled to relief under the ADA.

To the extent that Thornton challenges the District Court's application of the Rooker-Feldman and Younger abstention doctrines, we do not reach those issues. Even assuming, as Thornton argues, that Rooker-Feldman and Younger did not apply, Thornton still does not successfully challenge the District Court's determinations that the defendants were immune, and that Thornton failed to state a claim for relief against the non-immune defendants. See Jordon v. Att'y Gen., 424 F.3d 320, 325 n.8 (3d Cir. 2005) (explaining that a court may exercise hypothetical jurisdiction to reach the merits of a claim when the potential jurisdictional impediments do not raise Article III concerns); Bowers v. Nat'l Collegiate Athletic Ass'n, 346 F.3d 402, 415–16 (3d Cir. 2003) (same).

We decline to disturb the District Court's sovereign immunity determinations. The Eleventh Amendment generally protects a state, state agency, or state officials from suit in federal court unless Congress has specifically abrogated the state's immunity, or the state has waived it. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100–01 (1984); Karns v. Shanahan, 879 F.3d 504, 513 (3d Cir. 2018). Thornton argues, however, that the Eleventh Amendment does not bar her claims against the state employee defendants that she sued in their official capacities. Under Ex parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits seeking prospective injunctive or declaratory relief against state officials. See Merritts v. Richards, 62 F.4th 764, 771 (3d Cir. 2023). But for the exception to apply, "there must be both an ongoing violation of federal law and a request for relief that can be properly characterized as prospective." Id.

6

Here, Thornton did not sufficiently plead an ongoing violation of federal law—her allegations related to past conduct, and to the extent that she claimed that she was at risk of further harm, her allegations were conclusory and speculative at best. Cf. id. at 772 ("Although those earlier actions may have present effect, that does not mean that they are ongoing."). Thus, the Ex parte Young exception did not apply here.[7]

Furthermore, we will sustain the District Court's determinations that the defendants sued in their individual capacities were immune. Thornton broadly claims that the defendants were not immune because they engaged in fraud. But unless a judge has acted "in the clear absence of all jurisdiction," judicial immunity will apply to a judicial action even if that action "was in error, was done maliciously, or was in excess of his authority." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) (citation modified) (quoting Stump v. Sparkman, 435 U.S. 349, 356–57 (1978)); see also Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) (explaining that judicial immunity is not overcome by allegations that the judge acted in bad faith, maliciously, or corruptly). These protections extend to other actors, such as prosecutors and those who serve as arms of the court. Russell v. Richardson, 905 F.3d 239, 247 (3d Cir. 2018); see also Rose v. Bartle, 871 F.2d 331, 347 (3d Cir. 1989) (explaining that the defendants' alleged

---

[7] But because a dismissal based on sovereign immunity should be without prejudice, we will affirm the District Court's judgment as modified to reflect that the constitutional claims against the State, the state agencies, and the state employees in their official capacities are dismissed without prejudice. See id.

engagement in an illegal conspiracy during a malicious prosecution did not affect their immunity from civil suit). Here, because Thornton does not argue that the individual judicial defendants acted in nonjudicial capacities or in absence of jurisdiction, see Mireles, 502 U.S. at 11–12, or that the other individual defendants did not fulfill quasi-judicial roles, see Russell, 905 F.3d at 247, and because she does not otherwise challenge the District Court's immunity determinations, we will affirm.

Because Thornton raises no other issues for our consideration, we will affirm the judgment as modified.